## In re HEYMAN.

### (District Court, S. D. New York. May 3, 1901.)

1. BANKRUPTCY—COMPROMISE OF CLAIM—ACCEPTANCE BY CREDITORS—DISAPPROVAL BY COURT.

   Bankr. Act, § 27, provides that the trustee "may, with approval of the court," compromise any controversy arising in the proceedings. Section 56a provides that creditors shall pass on all matters submitted to them at their meetings by a majority vote. Section 58 (7) provides for notice to creditors of proposed compromise of any controversy. *Held*, that the action of the creditors on any compromise offered on claims due the estate of the bankrupt is not conclusive, but may, for good cause, be disallowed by the court, under section 27, as the compromise, when determined, must be carried out and executed by the trustee under the "approval of the court."

2. SAME.

   Where a trustee recovered judgment for $10,117 for a preference received, and the case was appealed, acceptance by a majority of the creditors of $300 in compromise of such claim, against the trustee's objections, will be set aside.

In Bankruptcy.

Einstein & Townsend, for trustee.

Blumenstiel & Hirsch and Myers, Goldsmith & Bronner, for compromise.

BROWN, District Judge. At a creditors' meeting a compromise of two claims of the trustee against Sol Friedman & Co. and against Spiegelberg & Sons was proposed by the debtors and an acceptance voted by the creditors. The trustee opposed the acceptance, and the referee having also disapproved it, the matter has been certified to me.

I am of opinion that section 27 and section 58 (7) and section 56a, Bankr. Act 1897, so far as the latter affect settlements of claims or controversies between the trustee and others, are to be construed together; that any compromise proposed by the trustee under section 27 should be submitted to the creditors in accordance with section 58 (7); and that the action of the creditors thereon under section 56, is not absolutely conclusive, but may for good cause be disallowed by the court under section 27; and that a compromise in like manner proposed to creditors by the debtor is equally subject to the judgment of the court under section 27.

There is no specific provision as to what shall be the consequence of the mere approval by the creditors at a creditors' meeting of a proposed compromise submitted to it by the debtor. The case, as it seems to me, must necessarily come ultimately under section 27, from the fact that no compromise with the debtor, and no release to him, can possibly be effected except through the trustee. Notwithstanding any previous vote by creditors, the compromise must still be carried out and executed by the trustee. It becomes, therefore, a compromise by and through the trustee, and hence falls under section 27 and must therefore have the "approval of the court."

Similarly a composition offered by the bankrupt, though accepted by the requisite number of creditors, must receive the approval of the judge under section 12, who will not confirm it unless he finds "(1) that it is for the best interest of creditors." In other words the majority at a creditors' meeting will not be suffered from outside influences or irrelevant considerations to sacrifice the evident interests of the minority.

The same principle ought to apply to proposed compromises of single claims. For the compromise proposed by the debtor may be approved by a bare majority of the creditors in attendance at a meeting or represented there under powers of attorney, upon considerations quite independent of the best interests of the administration of the estate in bankruptcy. The inference to be drawn from the general regulations prescribed in the bankruptcy act, is that the court or judge should have power to regulate or restrain the action of creditors so far as necessary to secure the best interests of the whole body; and that section 27 in requiring the "approval of the court" is applicable to the compromise of every controversy.

Ordinarily the action of a majority of creditors will be deemed presumptively for the best interests of all. But that is by no means necessarily so, nor is it always so in fact. In the present case the presumptions are very strongly to the contrary. In the claim against Friedman & Co. the trustee recovered a judgment for the sum of $10,-117 for a preference received, and the case is now on appeal, and for that judgment the debtor proposed a payment of $300 only, which a majority of the creditors voted to accept, against the trustee's objection. The compromise offered by the other debtor was also wholly inadequate and unreasonable. No sufficient considerations appear, as respects the administration of the estate in bankruptcy, which could possibly justify acceptance; and the only rational inference is that the majority vote was induced by wholly different considerations. The referee's construction of the act in this regard is, therefore, approved, as well as his rejection of the compromises proposed.